UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Zach Tuck , <br><br> Plaintiff, <br><br> v. <br><br> Wells Fargo, et al., <br><br> Defendants. | Case No.: 17-cv-01595-JAH-JLB <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (DOC. No. 2)** |

On August 8, 2017, Plaintiff Zach Tuck filed this case against Defendants for alleged violations of the Telephone Consumer Practices Act ("TCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Doc. No. 1. Mr. Tuck also moves to proceed *in forma pauperis*. Doc. No. 2. For the reasons set forth below, Plaintiff's motion is **DENIED**.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914 (a). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. See 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees,

787 F.3d 1226, 1234 (9th. Cir. 2015). The determination of indigency falls within the district court's discretion. California Men's Colony, Unit II Men's Advisory Council v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd other grounds, 506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency").

Plaintiff states that he lives with his sixty-six year old mother, acting as her care giver and relying on her for monthly income. Id. According to Mr. Tuck, his mother is presently recovering from open heart surgery. While Plaintiff hopes to gain employment in the near future, he has been unable to do so as of this time. Id.

In his IFP application, Plaintiff states that he has no monthly income and that his monthly total expenses total $550, including $250 for rent, $100 for food, and $100 for transportation. Doc. No. 2. However, a recent search for Plaintiff in the Court database reveals that Plaintiff is currently litigating five cases. In at least one of the five, Plaintiff lists a different amount of monthly expenses. *See* Tuck v. Collection at Law, Inc. et al., No. 17-CV-1556-CAB-BLM (S.D. Cal. Aug. 30, 2017) (in which Judge Bencivengo notes that Plaintiff's stipulated total monthly expenses were $450). As Judge Bencivengo noted in Tuck v. Collection, "if Plaintiff lives with his mother and relies on her for money to survive, it is unclear why he then pays her rent."

In addition, this Court remains unconvinced that Plaintiff Tuck is not related to the Tuck family recently cited to by Judge Bashant in Tuck v. Pacer Service Center U.S. Courts, et al., No. 17-CV-1720-BAS-KSC, 2017 WL 4050356 (S.D. Cal. Sept. 12, 2017). As Judge Bashant held in her order denying Roy Tuck's motion for IFP, "[the Tucks] appear to have developed a cottage industry suing their creditors for violations of the TCPA, the FDCPA, and the FCRA." In fact, the Court notes that the address listed on Zach Tuck's Motion for IFP (Doc. 2, p. 2) is the exact same address as that listed on Roy Tuck's Motion for IFP (Doc. 2, p. 6). Neither application mentions the existence of the other.

This Court finds that based on the lack of clarity, particularity, and certainty in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." Escobedo, 787 F.3d at 1234. Accordingly, Plaintiff's motion is **DENIED** without prejudice.

Plaintiff shall have until November 7, 2017, to pay the entire filing fee. If the filing fee is not paid by November 7, 2017, the Clerk of Court shall dismiss the case without prejudice and close the case without further order from the Court. If Mr. Tuck chooses to refile the motion to proceed IFP, he should specifically clarify the discrepancies noted by the Court above. Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of his claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. § § 1621, 3571.

**IT IS SO ORDERED**.

DATED: October 20, 2017

_____
JOHN A. HOUSTON
United States District Judge